[No. 9,318.    Department Two.—December 17, 1884.]

## IN THE MATTER OF THE ESTATE AND GUARDIANSHIP OF LOUIS ALLEN ROSE ET AL., MINORS.

GUARDIAN AND WARD—REVOCATION OF LETTERS—SUFFICIENCY OF PETITION.
—An order revoking letters of guardianship of the estate of a ward is erroneous, when the petition for revocation only charges dereliction of duty as to the care of the person of the ward, and contains no averment of mismanagement of the estate.

APPEAL from an order of the Superior Court of Kern County, revoking letters of guardianship.

The facts are stated in the opinion of the court.

*Stetson & Houghton*, for Appellant.

*J. W. Freeman*, for Respondent.

MYRICK, J.—On the third of December, 1881, on petition and due notice, W. B. Rose was appointed guardian of the persons and estates of said minors, and letters were duly issued. On the twenty-fifth of February, 1882, a petition was filed for the revocation of the letters.    This petition had reference to the care and attention bestowed by the guardian on the persons of his wards, and contained no averment of any fact in regard to the estate of either of them.    An answer was filed, denying the allegations of the petition.    The issues were tried March 8, 1882 (the testimony being in reference to the persons of the children), and the court revoked the letters of guardianship as to the persons, and to the order added the following: " As to the guardianship of the estate, the court will take the point under

consideration. The children, for the present, can stay where they are." On the fourteenth of July, 1883, without further hearing being had, and without notice to the guardian or his attorney, the court made an order revoking the letters of guardianship of the estates of the wards. From this order the appeal is taken. Section 1801, Code Civil Procedure, provides that when a guardian becomes incapable of discharging his trust, or unsuitable therefor, or has wasted or mismanaged the estate, or failed for thirty days to render an account or make a return, the court may, upon such notice to the guardian as the court may require, remove him. In this case, the petition presented no fact showing that the guardian had become incapable of discharging his trust concerning the estate of his wards, or unsuitable therefor, or that he had wasted or mismanaged the same, or had failed to render an account or make a return. The guardian was not called upon to respond to any charge of dereliction in regard to either of these matters ; had not been heard thereon ; had received no notice that any such charge was made against him. Yet the court, without allegations, notice, or evidence in regard to his management of the estate, made an order revoking the letters. A bare statement of the case shows the error.

The order of July 14, 1883, is reversed.

MORRISON, C. J., and Ross, J., concurred.